[No. 2428.]

## TITUS v. BERNARD, AS ADMINISTRATOR OF MORRISON'S ESTATE.

**Practice in Civil Actions—Evidence—Directing Verdict.**

In an action against an estate, where various witnesses testified to admissions of deceased, which, if credited, tended to prove that plaintiff, at the request of deceased, performed valuable services for him, for which deceased promised to pay plaintiff a certain sum, it was error to direct the jury to return a verdict for defendant. The unreliability of admissions, the credibility of witnesses and the conflicts in the testimony, if any, were questions for the jury.

*Appeal from the District Court of Boulder County.*

Mr. T. M. ROBINSON, for appellant.

Mr. SYLVESTER S. DOWNER, for appellee.

GUNTER, J.

Appellant filed a claim in the county court against the estate of Morrison, deceased, for $2,-500.00, for services rendered by appellant in discovering ore on a mining property. The claim was tried on appeal in the district court to a jury. At the conclusion of the evidence for appellant, the jury by direction rendered a verdict for the estate. From the judgment on the verdict the case is here.

The only question in the case is, was the evidence sufficient to justify submitting the issues to a jury? If it was, the case should go back.

The evidence of the claim consisted largely of the admissions of deceased testified to by the various witnesses. This evidence, if credited, tended to prove that appellant, at the request of deceased, performed valuable services for him in discovering ore on a mining claim, and that deceased promised to pay him therefor the sum of $2,500.00. The testimony of Lindenmeyer and Johnson alone was sufficient proof of the claim to justify submitting the case to the jury. The unreliability of admissions, the credibility of Johnson on account of relationship to appellant, the conflicts, if any, between the witnesses, the facts that the circumstances suggested that more satisfactory evidence must exist if the claim was valid, were all for the jury.

We think the evidence in the case justified submitting it to a jury, and that the court erred in directing a verdict for the estate.

Judgment reversed.

*Reversed.*